# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# OXFORD DIVISION

| | |
|---|---|
| **DILLON WILLIAMS** | **PETITIONER** |
| **V.** | **CIVIL ACTION NO.: 3:17CV118-NBB-DAS** |
| **THE STATE OF MISSISSIPPI and** | |
| **JEFFREY A. KLINFUSS** | **RESPONDENTS** |

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on the *pro se* petition of inmate Dillon Williams for a writ of habeas corpus under 28 U.S.C. § 2254. Respondents have moved to dismiss the petition as time-barred pursuant to 28 U.S.C. § 2244, and Williams has filed a response in opposition to the motion. For the reasons set forth below, Respondents' motion will be granted, and the instant petition will be dismissed with prejudice.

### Factual and Procedural History

On or about January 26, 2010, Dillon[1] Williams burglarized the home of Pat Crum, assaulting the ninety-one-year-old woman during the home invasion. *See, e.g.*, Doc. #16-1 at 27. During the assault, Ms. Crum sustained injuries that included a fractured shoulder and permanent nerve damage to her face. *Williams v. State*, 126 So. 3d 992, 994 (Miss. Ct. App. 2013). Williams was indicted for two counts of burglary and one count of aggravated assault, with notice of enhanced punishment due to the victim's age. *See, e.g.*, Doc. #16-1 at 1; Doc. #16-5 at 3. Williams subsequently pleaded guilty to burglary (home invasion) and aggravated assault in the Marshall County Circuit Court in Cause No. CR2010-194.[2] By Order dated

---

[1] Petitioner's first name is spelled both "Dillon" and "Dillion" throughout state and federal court proceedings.
[2] An order to retire an additional count of burglary was entered on November 10, 2010. Doc. #16-1 at 8-9. That same day, the circuit court retired to file a charge of possession of a cell phone in a correctional facility in Cause No.

December 16, 2010, the Marshall County Circuit Court sentenced Williams to consecutive terms of twenty-five years' imprisonment for the burglary conviction and to an enhanced punishment of forty years' imprisonment for the aggravated assault conviction. Doc. #16-1 at 30-31; *see also Williams v. State*, 218 So. 3d 1190, 1191 (Miss. Ct. App. 2016); *Williams v. State*, 126 So. 3d 992, 994-95 (Miss. Ct. App. 2013).

On December 17, 2010, Williams, through counsel, filed a "Motion to Reconsider" in the circuit court asking the court to decrease the sentence imposed or, alternatively, to run the sentences concurrently. Doc. #16-2. The circuit court denied the motion on August 27, 2010. *Id*. at 3. On December 2, 2011, Williams, acting *pro se*, submitted a post-conviction motion to the Marshall County Circuit Court (Cause No. CV2011-503). Doc. #16-3. This motion was denied on its merits on August 27, 2012. *Id*. at 7. Williams did not appeal this decision to the Mississippi Supreme Court.

Williams did, however, submit a second post-conviction motion in the Marshall County Circuit Court that was signed on December 10, 2012 (Cause No. CV2012-448). Doc. #16-4. The circuit court denied the motion by order entered on January 11, 2013, finding the motion was barred as a successive writ under Miss. Code Ann. § 99-39-23(6). *Id.* at 21. Williams appealed, and on December 3, 2013, the Mississippi Court of Appeals affirmed the circuit court's decision. *Id*.; *see also Williams v. State*, 126 So. 3d 992 (Miss. Ct. App. 2013) (Cause No. 2013-CP-00199-COA). Williams did not file a motion for rehearing with the Mississippi Court of Appeals nor a certiorari petition with the Mississippi Supreme Court. The mandate of the Mississippi Court of Appeals issued on December 26, 2013. *Id*. at 28.

---

2010-195. *Id*. at 77.

On November 21, 2013, Williams, with the assistance of counsel, submitted yet another post-conviction motion in the Marshall County Circuit Court (Cause No. CV2013-423) alleging that he was illegally sentenced because he was deprived of his statutory right to be sentenced by a jury for the sentencing enhancement. Doc. #16-5. The court denied the motion by order entered on July 14, 2014, finding the claim waived under Miss. Code Ann. § 99-39-21(1) and the motion barred as a successive writ pursuant to Miss. Code Ann. § 99-39-23(6). *Id*. at 8-9. Williams appealed. Doc. #16-5. On March 22, 2016, the Mississippi Court of Appeals affirmed the circuit court's decision. *Id*.; *see also Williams v. State*, 218 So. 3d 1190 (Miss. Ct. App. 2016), *reh'g denied*, August 9, 2016 (Cause No. 2014-CA-01170-COA).

The Mississippi Supreme Court granted Williams' subsequent petition for writ of certiorari. However, on May 11, 2017, that court affirmed the lower courts' decisions denying Williams' application for post-conviction relief. Doc. #16-5; *see also Williams v. State*, 222 So. 3d 265 (Miss. 2017) (Cause No. 2014-CT-01170-SCT). The mandate issued June 1, 2017. Doc. #16-5 at 28.

Thereafter, Williams sought federal habeas relief. Williams signed the instant petition on May 30, 2017, and it was stamped "filed" in this Court on June 26, 2017. Doc. #1.

**Legal Standard**

The instant petition for writ of habeas corpus is subject to the statute of limitations of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Egerton v. Cockrell*, 334 F.3d 433, 436 (5th Cir. 2003). The issue of whether Respondents' motion should be granted turns on the statute's limitation period, which provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.

The limitation period shall run from the latest of –

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S. C. § 2244(d)(1). The federal limitations period is tolled while a "properly filed application for State post-conviction or other collateral review" is pending. *See* 28 U.S.C. § 2244(d)(2). In "rare and exceptional circumstances," the limitations period may be equitably tolled. *Felder v. Johnson*, 204 F.3d 168, 170-71 (5th Cir. 2000) (citations omitted).

**Analysis**

By statute, there is no appeal from any guilty plea taken after July 1, 2008. Miss. Code Ann. § 99-35-101 ("[W]here the defendant enters a plea of guilty and is sentenced, then no appeal from the circuit court to the Supreme Court shall be allowed."); *Seal v. State*, 38 So. 3d 635, 638 (Miss. Ct. App. 2010). Therefore, Williams' judgments of conviction became final on December 16, 2010, the date on which he was sentenced.[3] Accordingly, absent statutory or equitable tolling, Williams' petition for federal habeas relief was due on or before December 16,

---

3 The exceptions of § 2244(d)(1)(B-D) are inapplicable in this case.

2011, to be deemed timely.

Williams filed several post-judgment filings, but not all of those filings serve to statutorily toll the limitations period. For instance, Williams' December 17, 2010, motion for reconsideration did not collaterally attack the merits of his plea or sentence or raise any grounds for post-conviction relief. Therefore, it is not a post-conviction motion that would toll the AEDPA statute of limitations under § 2244(d)(2). *See Frith v. Epps*, 392 F. App'x 342, 346 (5th Cir. 2010) (holding that where motion for reconsideration does not request post-conviction relief under Mississippi law, the motion cannot serve to statutorily toll the federal statute of limitations); *see also* Miss. Code Ann. § 99-39-5(1) (setting forth grounds for post-conviction relief under Mississippi law).

Williams is, however, entitled to 269 days of statutory tolling for the pendency of his post-conviction action filed December 2, 2011, in the Marshall County Circuit Court (December 2, 2011, through August 27, 2012). Therefore, absent additional tolling, Williams' habeas petition became due in this Court on or before Monday, September 10, 2012 (December 16, 2011, plus 269 days).

Williams' second and third motions for post-conviction relief were filed, at the earliest, in December 2012, after the expiration of the federal limitations deadline. Therefore, these motions do not serve to toll the federal limitations deadline. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (finding state habeas application did not toll federal imitations period where state application was not filed until after expiration of federal deadline).[4]

---

[4] The Court notes that Williams also filed a "Petition of Eligibility of Parole" in the Marshall County Circuit Court in Cause No. CV2017-219 on or about May 22, 2017. *See* Doc. #16-6. Because Williams does not challenge his current parole eligibility in the instant action, but rather, his convictions and sentences, the motion related to parole eligibility bears no relevance to the Court's analysis. The Court otherwise finds that it is not a properly filed post-

Williams federal habeas petition was "filed" sometime between the date it was signed on May 30, 2017, and the date it was filed by this Court on June 26, 2017. *See Coleman v. Johnson,* 184 F.3d 398, 401 (5th Cir. 1999) (holding that the "mailbox rule" deems a pro se prisoner's petition filed on the date it is delivered to prison officials for mailing). Therefore, Williams' federal habeas petition was filed almost five years after the AEDPA deadline. Accordingly, federal habeas relief is available to Williams only if he can demonstrate that his case involves "rare and exceptional circumstances" that would warrant an equitable tolling of the limitations period. *Felder v. Johnson*, 204 F.3d 168, 170-71 (5th Cir. 2000) (citations omitted). This exception "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999).

Williams asserts that the one-year statute of limitations period is inapplicable because he is serving an illegal sentence due to trial errors that have affected his fundamental constitutional rights. However, there is no "illegal sentence" exception to the federal limitations period. *O'Neal v. Banks*, No. 1:17CV22-SA-RP, 2017 WL 1483298, at *3 (N.D. Miss. April 25, 2017). *see also Jackson v. Brewer, et al*, No. 2:10CV85-WAP-JAD, 2010 WL 4531386, at *1 (N.D. Miss. Oct. 14, 2010) (finding there is no illegal-sentence exception to the federal habeas statute of limitations)*, adopted as final judgment in Jackson v. Brewer*, 2010 WL 4531385, at *1 (N.D. Miss. Nov. 2, 2010). Accordingly, the Court finds equitable tolling is not warranted in this case, and that the instant petition is barred by the federal statute of limitations.

---

conviction motion, and it was filed after the federal limitation period had expired. Therefore, this motion does not further toll the statutory tolling period.

## Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, this Court must issue or deny a certificate of appealability ("COA") upon the entry of a final order adverse to the petitioner. Williams must obtain a COA before appealing this Court's decision denying federal habeas relief. *See* 28 U.S.C. § 2253(c)(1). Because his petition for writ of habeas corpus is rejected on procedural grounds, Williams must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling" in order for a COA to issue. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Applying this standard, the Court concludes that a COA should be denied in this case.

## Conclusion

For the reasons as set forth herein, Respondents' "Motion to Dismiss" [16] is **GRANTED**, and the petition filed in this cause is **DISMISSED WITH PREJUDICE**. A certificate of appealability is **DENIED**. A separate judgment in accordance with this opinion and order will enter today.

**SO ORDERED** this 4th day of January, 2018.

/s/ Neal Biggers
NEAL B. BIGGERS, JR.
UNITED STATES DISTRICT JUDGE